**PRODUCTION CREDIT ASSOCIATION OF MINNESOTA VALLEY, Federal Land Bank Association of Marshall, Federal Land Bank Association of Willmar, and Farm Credit Bank of St. Paul, Plaintiffs,**

v.

**FARM CREDIT ADMINISTRATION, Harold B. Steele, Chairman, and Billy Ross Brown, Defendants.**

Civ. No. 3–91–0263.

United States District Court,
D. Minnesota,
Third Division.

Nov. 16, 1991.

Robert M. Halvorson, Gislason, Dosland, Hunter & Malecki, Mankato, Minn., for plaintiffs.

Friedrich Siekert, U.S. Atty.'s Office, Minneapolis, Minn., James J. Gilligan, U.S. Dept. of Justice, Civ. Div., Fed. Programs BR, Washington, D.C., Richard A. Cohn, Farm Credit Admin., Office of Gen. Counsel, McLean, Va., for defendants.

## ORDER

MAGNUSON, District Judge.

## I. INTRODUCTION

This matter is before the court upon cross motions for summary judgment. Fed.R.Civ.P. 56. For the following reasons, the court grants the defendants' motion for summary judgment and dismisses the complaint.

## II. FACTS

The Federal Land Bank Association of Marshall provides long-term loans to farmers in three counties. The Federal Land Bank Association of Willmar provides long-term loans to five additional counties. The Redwood Federal Land Bank Association provides long-term loans to farmers in two different counties. The Production Credit Association of Minnesota Valley provides short to intermediate-term loans to farmers in all ten counties.

On August 17, 1990, the PCA, Marshall FLBA, and Willmar FLBA submitted an application to the Farm Credit Association for approval of a merger to form an Agri-culture Credit Association. The FCA initiated a study concerning over-chartering the two counties that the Redwood FLBA served. The plaintiffs revised their merger application by limiting long-term lending to the eight counties that the Marshall FLBA and the Willmar FLBA served. This application required a bifurcated charter which authorized long-term lending in eight counties and short-term lending in all ten counties.

The FCA disapproved the merger application on February 1, 1991. The FCA listed several reasons in support of its decision including supervisory problems, inconsistency in the regulations, administrative difficulties, the creation of borrower confusion.

## III. DISCUSSION

A court shall render summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c) (1987). Pursuant to 5 U.S.C. § 706(2)(A) and (C), a reviewing court shall set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A) and (C) (1988).

Agency action can be set aside as arbitrary and capricious "only where it is not supportable on any rational basis." *United States v. Means*, 858 F.2d 404, 409 (8th Cir.1988). To successfully withstand review, the record must clearly evidence the grounds on which the FCA acted. *Atchinson, R. & S.F.R. Co. v. Bd. of Trade*, 412 U.S. 800, 807, 93 S.Ct. 2367, 2374–75, 37 L.Ed.2d 350 (1973).

In the present case, the administrative record contained the plaintiffs' request for a bifurcated charter. The FCA reviewed the reasons a bifurcated charter would be contrary to the policies and objectives of the Act. The FCA identified administrative, regulatory, examination, supervisory, and practical problems that the bifurcated charter would create. The court

418

concludes, therefore, that the FCA's denial of the plaintiff's merger application was not arbitrary or capricious.

 Title 12 U.S.C. § 2279c–1(a)(1) gives the FCA the statutory authority to approve or deny mergers. 12 U.S.C. § 2279c–1(a)(1). The legislative history of the act does not evidence Congressional intent that bifurcated charters must be granted to permit non-coterminous associations to merge under § 2279c–1. The court determines, therefore, that the FCA's denial of the plaintiffs' merger application did not exceed its statutory jurisdiction. The court further determines that no issues of material fact exist for trial, and that the defendants are entitled to judgment as a matter of law.

Accordingly, IT IS ORDERED that:

The defendants' motion for summary judgment is GRANTED. The plaintiffs' motion for summary judgment is DENIED. The complaint is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.